**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| SHENZHEN KAIMENE TRADING LTD. dba ENDOTO,<br><br>   *Plaintiff*,<br>v.<br><br>JIANFENG DU dba AILAKA,<br><br>   *Defendant*. | Civil Action No. 3:24-cv-3200<br><br>JURY DEMAND |

## ORIGINAL COMPLAINT

Plaintiff Shenzhen Kaimene Trading Ltd. dba Endoto® ("Plaintiff" or "Endoto") seeks a declaratory judgment of patent non-infringement of shoe insoles as defined herein ("Accused Products") and invalidity against United States Design Patent No. D1,031,231 ("Patent").

### INTRODUCTION

1. Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2. The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of product listings; it is United States specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to bigcommerce.com, "Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018,

Amazon's share of the US e-commerce market hit 49%... that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

3. Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism and a binding pseudo-arbitration evaluation procedure currently known as the Amazon Patent Evaluation Express ("APEX").

4. In sum, after Amazon receives a patent infringement complaint, it contacts the accused sellers and urges them to negotiate with the patent owner. If the patent owner initiates an APEX proceeding, the seller may opt not to participate, but that refusal means Amazon will remove, *i.e.*, de-list, the accused product from the Amazon Marketplace. In other instances, Amazon unilaterally removes accused listings based solely on an infringement complaint. In these instances, the only internal way to re-activate the listings is to submit evidence demonstrating how there has not been any infringement.

5. These Amazon pseudo-proceedings are heavily weighted in favor of patent owners. They are not suited to evaluating complex technical issues, and the speed, limited scope, high stakes, and inability to appeal all place tremendous pressure on accused sellers to capitulate, particularly online retailers deriving most of their revenue from Amazon sales.

6. It is against this backdrop that Defendant Jianfeng Du dba Ailaka ("Defendant" or "Du") has reported to Amazon meritless "Intellectual Property Violations" against the Accused

Products, specifically alleging infringement of the Patent, and resulting in the delisting of the Accused Products.

## NATURE OF THE ACTION

7. This is an action for Declaratory Judgment of patent non-infringement arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq.*

## PARTIES

8. Endoto is a type of foreign limited liability company organized under the laws of the People's Republic of China. Endoto sells shoe accessories on Amazon under the store and trademark Endoto®.

9. Upon information and belief, Du is a private citizen and resident of the People's Republic of China.

10. Du is the inventor and applicant of record of the Patent. Upon information and belief, Du is an affiliate of Yiwu Liye Trading Co. Ltd., which owns and/or operates the Amazon storefront known as Ailaka (Seller ID: A14KXQJW5H6XGY).

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq*. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

12. Du is subject to this Court's personal jurisdiction pursuant to the due process clause of the Constitution and/or the Texas Long Arm Statute, due at least to Du's substantial business in

this State and District, including: regularly conducting and soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from Texas residents.

13. Alternatively, Du is subject to this Court's personal jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2).

14. Venue is proper in this District pursuant to 28 U.S.C. 1391.

## THE ACCUSED PRODUCTS

15. Endoto is an e-commerce company selling shoe accessories on Amazon under the storefront and trademark Endoto® (Seller ID: A1E5LS6TZ5SGYJ).

16. The Endoto storefront has earned a lifetime customer rating of 4.9 out of 5 stars.

17. The Accused Products at issue are the Endoto Arch Support Insoles for Toddlers identified by ASIN Nos. B0D3LWDH4F and B0D3LWNDBX. The listings for the Accused Products have earned strong customer reviews.

18. The Amazon marketplace constitutes Endoto's primary sales channel into the United States. To remain competitive in the United States market for shoe insoles, Endoto needs their products listed in the Amazon marketplace.

19. Du's ability to use Amazon infringement complaints as an inequitable injunction significantly harm Endoto. In addition to the direct effects of monetary losses, the delisting of products immediately results in lost sales numbers, product reviews, and product ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to product visibility in consumer searches and to Amazon's award of the "Amazon Choice" badge or the "Amazon Bestseller" designations which create a significant sales boost.

## UNITED STATES DESIGN PATENT NO. D1,031,231

20. Du is the inventor and applicant of record of the Patent, attached as Exhibit A.

21. The Patent is entitled "Insole" and claims "[t]he ornamental design for the insole, as shown and described." *Id*.

22. The Patent issued on June 18, 2024 and has a purported effective filing date of July 27, 2022. *Id*. The Patent does not claim any foreign priority.

## DEFENDANT DU

23. Upon information and belief, Du is a private citizen and resident of the People's Republic of China.

24. Du is believed to be an affiliate Yiwu Liye Trading Co. Ltd., which owns and/or operates the Amazon storefront known as Ailaka (Seller ID: A14KXQJW5H6XGY).

25. The Ailaka storefront has been selling shoe insoles with the same ornamental design as the Patent since at least 2019.

26. Du's business email address, as self-reported to Amazon, is <djf0123@outlook.com>.

27. On or around December 5, 2024, Du lodged a series of meritless Amazon infringement complaints (Complaint IDs: 16779839711 & 16660696561) against Endoto and the Accused Products. *See* Exhibit B, Amazon Infringement Complaint Emails.

28. Amazon responded by quickly delisting the Accused Products.

## THE PRIOR ART

29. There exist several prior art references, as cited herein, that either anticipate or render the Patent obvious. Every prior art reference cited herein predates the effective filing date of the Patent. Where the cited prior art reference is attributable to Du and/or Ailaka, it predates the effective filing date by over one year.

30. For example, the Amazon listing Ailaka Kids Orthotic Cushioning Arch Support Shoe Insoles (ASIN No. B07MV3WQBV) ("Ailaka Reference") was first available on January 15, 2019. *See* Exhibit C, Ailaka Reference Webpage.

31. Further, the Amazon listing Ailaka Kids Orthotic Cushioning Arch Support Shoe Insoles (ASIN No. B07TT9XNSV) ("Ailaka II Reference") was first available on July 2, 2019. *See* Exhibit D, Ailaka II Reference Webpage.

32. Finally, Chinese Design Patent No. 305693102 to Song Weifang ("Weifang) issued on April 10, 2020. Weifang was filed on November 4, 2019. Weifang is simply entitled "Insole." *See* Exhibit E, Weifang.

## CLAIM I:
## DECLARATORY JUDGMENT OF PATENT INVALIDITY

33. Endoto incorporates by reference the preceding paragraphs as though fully set forth herein.

34. An actual, continuing, and justiciable controversy exists between Endoto and Du as to the validity of the Patent, as evidenced by Du's allegations of infringement on Amazon, as set forth above.

35. Pursuant to the Declaratory Judgment Act, Endoto requests a judicial determination and declaration that the Patent is invalid in view of the prior art cited herein.

36. For example, under 35 U.S.C. § 102, the Patent is anticipated by the Ailaka Reference. For example, the sole claim of the Patent is fully disclosed by the Ailaka Reference. The Ailaka Reference further predates the earliest effective filing date of the Patent by 1,289 days.



37.     As another example, under 35 U.S.C. § 102, the Patent is anticipated by the Ailaka II Reference. For example, the sole claim of the Patent is fully disclosed by the Ailaka II Reference. The Ailaka II Reference further predates the earliest effective filing date of the Patent by 1,121 days.



38.     Due to the relationship between Du and Ailaka, both Ailaka References should have been disclosed by Du during the prosecution of the Patent. Under 37 CFR 1.56, Du, as the inventor,

had an affirmative duty to disclose information material to the patentability of the Patent. Du's failure to disclose the Ailaka References constitutes fraud and/or inequitable conduct on the United States Patent and Trademark Office and further renders the Patent unenforceable and invalid.

39. Further, under 35 U.S.C. § 102, the Patent is anticipated by Weifang. For example, the sole claim of the Patent is fully disclosed by Weifang. Weifang further predates the earliest effective filing date of the Patent by at least 838 days.



**CLAIM II:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

40. Endoto incorporates by reference the preceding paragraphs as though fully set forth herein.

41. An actual, continuing, and justiciable controversy exists between Endoto and Du as to the non-infringement of the Patent by the Accused Products, as evidenced by Du's allegations of infringement on Amazon, as set forth above.

42. Pursuant to the Declaratory Judgment Act, Endoto requests a judicial determination and declaration that the Accused Products do not infringe and have not infringed, either directly or indirectly, literally or under the doctrine of equivalents, the claim of the Patent.

43. For example, the Accused Products are not substantially similar to the claimed design of the Patent so that no customer would confuse the two designs. The Accused Products contain differences in shape and ornamental appearance that render it plainly distinct from the claimed design of the Patent.

44. Further, as discussed herein, since the Patent are invalid in view of the cited prior art, there can be no infringement.

## DEMAND FOR JURY TRIAL

Endoto, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Endoto respectfully request that this Court enter a judgment as follows:

A. Preliminary and permanent injunctions ordering Du to withdraw all Amazon infringement complaints lodged against the Accused Product regarding the Patent, and to refrain from lodging any further infringement complaints regarding the same.

B. A declaration that the Patent is invalid over the prior art cited herein;

C. A declaration that Du committed fraud on the United States Patent and Trademark Office by failing to disclose information material to the patentability of the Patent and that the Patent is therefore unenforceable and invalid;

D. A declaration that the Accused Products do not infringe the Patent;

E. A declaration that this case is exceptional and an award to Endoto of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

F. Such further and additional relief as the Court deems just and proper.

Dated: December 20, 2024

Respectfully submitted,

*/s/ Nicholas Najera*
Timothy Wang
Texas Bar No.: 24067927
Nicholas Najera
Texas Bar No.: 24127049

Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
972.331.4603
972.314.0900 (facsimile)
twang@nilawfirm.com
nnajera@nilawfirm.com

*Counsel for Plaintiff*